UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN MCGILL,

    Plaintiff,

vs.                       Case No. 2:08-cv-205-FtM-29DNF

JAMES CROSBY, Former FDOC Secretary, in his individual capacity currently an incarcerated Federal prisoner and as a former employee of the Florida Department of Corrections, a legal entity subject to suit under 1983 as quasi-artificial person under Crosby's reign, DR. SMITH, M.D. individual capacity Prison Medical doctor, Charlotte, C.I., R. HEMPHILL, M.D. , individual capacity, Prison Medical Director, Charlotte C.I., FNU COATES, H.S.A. individual capacity Prison Health Service Administrator, Charlotte C.I., JOSEPH OVADIA, M.D. individual capacity, Orthopedics Specialist, Prison Medical Doctor, South Florida Reception Center, OFFICER DARBELLUA, individual capacity, Prison Correctional Officer, Charlotte C.I, SERGEANT ROFF, individual capacity, Prison Correctional Officer Sergeant, Charlotte, C.I.,

    Defendants.
_____

## **ORDER**

This matter comes before the Court upon Defendants Hemphill and Coates' Motion to Dismiss (Doc. #15, Motion) filed June 13, 2009. Defendants seek dismissal of the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff filed a Motion to Strike Defendants' Motion on August 7, 2009, which the

Court construes as Plaintiff's Response to the Motion (Doc. #18, Response).

Plaintiff, who is incarcerated within the Florida Department of Corrections, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. #2, Complaint), which was transferred to this Court on March 11, 2008 (Doc. #1). Plaintiff paid the full filing fee for this action on December 4, 2008. On December 18, 2008, the Court advised Plaintiff that, pursuant to Rule 4(m), service in this matter was to be completed by April 4, 2009 (Doc. #6). On March 9, 2009, Plaintiff mailed Requests for Waiver of Personal Service forms to each Defendant (Docs. ##7-13). Defendants did not agree to waive personal service of process. Plaintiff did not effectuate service upon any of the Defendants by April 4, 2009, nor did Plaintiff request an extension of time within which to effectuate service.

On June 18, 2009, personal service was effectuated upon Defendant Hemphill (Doc. #14). On July 13, 2009, personal service was effectuated upon Defendant Coates (Doc. #16). On July 24, 2009, personal service was effectuated upon Defendant Crosby (Doc. #16). As of the date of this Order, no other defendants have been served.

A plaintiff is responsible for serving the defendant with a summons and the complaint. Fed. R. Civ. P. 4(c)(1). Rule 4(m) requires a plaintiff to properly serve the defendant within 120 days of the plaintiff filing the complaint. Fed. R. Civ. P. 4(m).

On March 9, 2009, Plaintiff attempted to effectuate service upon the individual defendants pursuant to Rule 4(d)[1] within the 120-day period. See Docs. ##7-13. While the individual defendants are subject to the waiver procedure, the individual defendants did not respond to the Plaintiff's request for waiver of service, and the defendant is not required to waive formal service. See Fed. R. Civ. P. 4(d)(2). Because Defendants failed to respond to service by mail, Plaintiff was required to effect personal service pursuant to Rule 4(e)(2). See also Manufactuers Hanover Trust Co. v. Ponsoldt, 51 F.3d 938, 940 (11th Cir. 1995) (citations omitted).

If a plaintiff fails to properly serve a defendant within 120 days, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice . . . or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Good cause exists "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v.

---

[1] Fed. R. Civ. P. 4(d) states: (2) An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons . . . . If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

Carroll County Com'rs, 476 F.3d 1277, 1281 (11th Cir. 2007)(citation and alteration omitted). Even if a district court finds that a plaintiff fails to show good cause, "the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Id. at 1282; see also Henderson v. United States, 517 U.S. 654, 663 (1996) (recognizing that in the 1993 amendments to the rules, courts have been accorded the discretion to enlarge the 120-day period even in the absence of showing good cause); Rance v. Rocksolid Granite USA, Inc., 583 F.3d 1284 (11th Cir. 2009). Circumstances that may warrant granting an extension of time include whether the applicable statute of limitations would bar a future action or whether a defendant is evading service of process. Lepone-Demsey, 476 F.3d at 1282. The court is not required to extend service despite the existence of such circumstances. Id. Instead, the court must only consider whether any such factors exist before it exercises its discretion and either dismisses the case or directs that service be effected within a specified time. Id.

In order to excuse the belated service in this action, Plaintiff states that he "he had been misadvised by the clerk's office that he had to seek service through the U.S. Marshal's Office." Response at 3. Plaintiff states that he sent the service documents to the Clerk within the 120 day period, but the clerk, finding that Plaintiff had paid the filing fee, "stopped the process by the U.S. marshal service." Id. at 2, ¶3. Thereafter,

"the Clerk returned the filed summons to the Plaintiff to be served by private process server hired by the Plaintiff . . . ." Id. Notably, Plaintiff does not provide a copy of the clerk's letter advising him that service would be made through the U.S. Marshal office, or provide a copy of any letter advising him that the clerk "stopped process."

In fact, the docket in this matter belies Plaintiff's assertions. On December 18, 2008, Plaintiff was provided with the necessary service forms. See docket entry dated December 18, 2009. In its December 18, 2009 Order, the Court, not the clerk, advised Plaintiff of the following:

> 1. Plaintiff has paid the full $350.00 filing fee in this case (Receipt No. F011780); therefore, he is not proceeding in forma pauperis and he is responsible for service of process upon the Defendants. Rule 4(m) of the Federal Rule of Civil Procedure states:
>
>> **Summons: Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).
>
> Although Plaintiff's Complaint was filed on March 11, 2008 and subsequently transferred to this Court,

> Plaintiff did not fully pay the filing fee until December 4, 2008. Consequently, th Court will start the 120 day limit from December 4, 2008. Accordingly, **on or before April 4, 2009**, Plaintiff shall provide the Court with certification of service and documents reflecting proper, completed service upon each Defendant, or alternatively request an enlargement of time within which to complete service of process. Failure to provide proof of proper service for a particular Defendant or failure to show good cause for the failure to effect service within the time allotted will result in the **dismissal** of that Defendant from this action **without further notice**.

November 18, 2008 Order 1-2 (emphasis in original). Even if Plaintiff mistakenly understood that he was to submit the service forms to the clerk for service, Plaintiff's inadvertent actions do not amount to good cause. Lepone-Dempsey, 476 F.3d at 1281.

Thus, the Court finds that Plaintiff has failed to demonstrate good cause to excuse his delay in effectuating service. Plaintiff waited almost three months before he undertook any efforts to serve the Defendants. In particular, Plaintiff did not request Defendants to waive service of process until March 9, 2009. Plaintiff failed to exercise further diligence by not taking any further steps to effectuate service until after the time period to respond to the waivers had expired. See Lepone-Dempsey, 476 F.3d at 1282 (relying on defendant's assertion that he would waive service of process is not good faith). According to the docket sheet, on May 7, 2009, Plaintiff submitted completed summons for each Defendant to the Clerk, which the Court issued. See docket entry dated May 7, 2009. This was after the 120 day period had already expired.

Further, although considered, the Court does not find that Plaintiff's incarceration and the fact that certain claims would be time barred[2] constitute compelling circumstances to warrant granting Plaintiff a further extension of time to effectuate service in this matter. Even if the Court granted Plaintiff an extension of time as to the three Defendants currently served, Hemphill, Coates and Crosby, the Complaint nonetheless would be subject to dismissal.

Significantly, Plaintiff admits in his Complaint that he did not grieve any of the claims raised in his Complaint with correctional officials. Complaint at 5, 24. Because, the Prison Litigation Reform Act, 42 U.S.C. § 1997e, mandates exhaustion and Plaintiff acknowledges in his Complaint that he did not avail himself of any available administrative remedies, the Complaint is barred in this Court. Jones v. Bock, 549 U.S. 199, 211 (2007) Bryant v. Rich, 530 F.3d 1368, 1372 (11th Cir. 2008).

ACCORDINGLY it is hereby

**ORDERED**:

1. Defendants Hemphill and Coates' Motion to Dismiss (Doc. #15) is **GRANTED**, and Plaintiff's Complaint is dismissed pursuant to Fed. R. Civ. P. 4(m).

---

[2]According to the Complaint, some of the events giving rise to this action occurred in April 2004.

2. Plaintiff's Complaint is dismissed pursuant to Fed. R. Civ. P. 4(m) as to Defendants Crosby, Smith, Ovadia, and Darbellua, Roff.

3. In the alternative, the Court finds the Complaint barred pursuant to 42 U.S.C. § 1997e.

4. The Clerk shall enter judgment accordingly, terminate any pending motions, and close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __15th__ day of December, 2009.

_____
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record