```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

JOHN MCGILL,

                       Plaintiff,

vs.                                      Case No. 2:08-cv-205-FtM-29DNF

JAMES CROSBY, Former FDOC Secretary, in his individual capacity currently an incarcerated Federal prisoner and as a former employee of the Florida Department of Corrections, a legal entity subject to suit under 1983 as quasi-artificial person under Crosby's reign, DR. SMITH, M.D. individual capacity Prison Medical doctor, Charlotte, C.I., R. HEMPHILL, M.D. , individual capacity, Prison Medical Director, Charlotte C.I., FNU COATES, H.S.A. individual capacity Prison Health Service Administrator, Charlotte C.I., JOSEPH OVADIA, M.D. individual capacity, Orthopedics Specialist, Prison Medical Doctor, South Florida Reception Center, OFFICER DARBELLUA, individual capacity, Prison Correctional Officer, Charlotte C.I, SERGEANT ROFF, individual capacity, Prison Correctional Officer Sergeant, Charlotte, C.I.,

                       Defendants.
_____

## **ORDER**

This matter comes before the Court upon Plaintiff's "Objection to District Judge's Order & Judgment in Civil Case to Dismiss Plaintiff's Complaint Pursuant to Federal R. Civ. P. 4(m) or Alternative 42 § 1997e & Motion for Reinstatement Plaintiff's § 1983 Complaint" (Doc. #22, Motion) filed January 27, 2010.

Plaintiff seeks reconsideration of the Court's December 15, 2009 Order (Doc. #20), granting Defendants Hemphill and Coates' motion to dismiss Plaintiff's complaint for which judgment was entered the next day (Doc. #21). <u>See</u> <u>generally</u> Motion. Plaintiff seeks reinstatement of this action, but fails to identify the procedural grounds upon which the Motion is brought. <u>Id.</u> Because the Motion was filed in excess of 28 days from entry of judgment, the Court construes the Motion as brought pursuant to Federal Rule of Civil Procedure 60(b).[1]

Rule 60(b) permits courts to reopen judgments "on just terms" for reasons of mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Motions under the rule are directed to the sound discretion of the district court. <u>United States v. Certain Real Prop. Located at Route 1, Bryant, Ala.</u>, 126 F.3d 1314, 1318 (11th Cir. 1997).

---

[1]Although Plaintiff signed the instant Motion on December 31, 2009, there is no stamp identifying the date that the Motion was delivered to correctional officials for mailing. Under the "mailbox rule" the Court generally deems a document filed on the date a plaintiff signed the document and delivers it to prison officials for mailing. See <u>Garvey v. Vaughn</u>, 993 F.2d 776, 783 (11th Cir. 1993)(extending the holding of <u>Houston v. Lack</u>, 487 U.S. 266 (1988) to *pro se* prisoners filing section 1983 complaints). Here the envelope in which the Motion was mailed was dated-stamped January 25, 2010. Thus, although Plaintiff may have signed the document on December 31, 2009, it is clear that it was not delivered to correctional officials until much later.

First, Plaintiff submits that the Court erred in alternatively dismissing the Complaint pursuant to 42 U.S.C. § 1997e, due to Plaintiff's failure to exhaust his administrative remedies. Motion at 2. Plaintiff states that exhaustion is an affirmative defense. Id. Further, Plaintiff argues that congressional "legislative history supports the conclusion . . . that exhaustion of state administrative remedies is not a prerequisite to an action under § 1983." Id. at 3.

The Prison Litigation Reform Act (hereinafter "PLRA"), which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e, provides as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility **until such administrative remedies as are available are exhausted.**

42 U.S.C. § 1997e(a)(emphasis added).

The PLRA's exhaustion requirement is intended to: (1) "eliminate unwarranted federal-court interference with the administration of prisons," (2) "'affor[d] corrections officials time and opportunity to address complaints internally **before** allowing the initiation of a federal case,'" and (3) "'reduce the quantity and improve the quality of prisoner suits.'" Woodford v. Ngo, 584 U.S. 81, 93-94 (2006)(emphasis added, quoting Porter v.

Nussle, 534 U.S. 506, 524-25 (2002)) (internal footnote and citations omitted). While inmates "are not required to specially plead or demonstrate exhaustion in their complaints," Jones v. Bock, 127 S. Ct. 910, 921 (2007), whether an inmate has exhausted his available administrative remedies is a factual issue that is properly made by the court. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). Thus, "[e]ven though a failure-to-exhaust defense is non-jurisdictional, it is like a defense for lack of jurisdiction in one important sense: Exhaustion of administrative remedies is a matter in abatement, and ordinarily does not deal with the merits." Id. (footnote, internal quotations, and citations omitted). Consequently, "[e]xhaustion is a precondition to litigation in federal courts, and courts do not have the discretion to waive the § 1997e(a) requirement." Mason v. Bridger, 261 Fed. Appx. 225, 228 (11th Cir. 2008)(citing Booth v. Churner, 532 U.S. 731, 739 (2001)). See also Woodford, 584 U.S. at 85 (noting that as a result of the PLRA, consideration of "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory.").

Here, Plaintiff does not deny that he did not exhaust his available administrative remedies; and, in fact conceded that he did not grieve the claims raised in his Complaint. Complaint at 5, 24. Consequently, the Court finds that the Court did not commit a

mistake of law in alternatively dismissing Plaintiff's complaint pursuant to 42 U.S.C. § 1997(e).

Next, to the extent discernable, it appears that Plaintiff contends that he is entitled to "excusable neglect" in failing to complete service with 120 days as set forth in Rule 4(m). In particular, Plaintiff states that "in good faith" he sent the summons to be served to the Clerk of Court within 120 days; and, after receiving the summons back from the clerk, he completed service within another 120 days after retaining a private process server to complete service. Motion at 5-6.

Unlike most inmates, Plaintiff paid the filing fee and was not proceeding *in forma pauperis.* See docket entries dated March 11, 2009 and December 4, 2008. The Court advised Plaintiff that he was responsible for service of process in its December 18, 2008 Order (Doc. #6). Further, Plaintiff had filed his Complaint on March 11, 2008 but had not paid the full filing fee until December 4, 2008, consequently the Court did not commence Rule 4(m)'s 120 day time period until December 4, 2008. December 18, 2008 Order at 2, ¶1. The Court provided Plaintiff with the necessary service forms in its Order, and further advised Plaintiff that he had until April 4, 2009, to effectuate service upon Defendants. Id. Plaintiff did not mail requests for waiver of service of process forms to the defendants until March 9, 2009, permitting more than 90 of the 120

days to elapse before even attempting service. After Defendants failed to acknowledge service by mail, Plaintiff should have been prepared to timely effectuate personal service as required by Rule 4(m). Alternatively, Plaintiff could have sought an extension of time to effectuate service with the Court. Plaintiff did neither. Instead, at some point thereafter, Plaintiff retained the services of Youngblood Process Service. But, by the time Youngblood effectuated service, the 120 day time period had expired by almost 60 days. See July 13, 2009 Memo to Plaintiff from Owen Youngblood attached to Motion (Doc. #22-1).

The Court previously rejected Plaintiff's claim that he had erroneously mailed the completed service forms to the Clerk finding the docket belied his assertion, and Plaintiff submits no evidence to support the reassertion of this claim.[2] The Court found Plaintiff failed to show good cause to excuse his failure to comply with Rule 4(m); and, although considered, the Court did not find any compelling circumstances to warrant excusing Plaintiff from Rule 4(m). Thus, the Court finds Plaintiff has failed to demonstrate that he is entitled to reconsideration of the Court's

---

[2]The Court in other matters has been presented with mail logs from correctional institutions supporting an inmate's claim of a mailing. Plaintiff submits no such log or other evidence that he in fact mistakenly mailed the forms back to the Clerk.

December 15, 2009 Order under Rule 60(b) and will deny the instant Motion.

Accordingly, it is now

**ORDERED**:

Plaintiff's "Objection to District Judge's Order & Judgment in Civil Case to Dismiss Plaintiff's Complaint Pursuant to Federal R. Civ. P. 4(m) or Alternative 42 § 1997e & Motion for Reinstatement Plaintiff's § 1983 Complaint" (Doc. #22), construed as a Motion as brought pursuant to Federal Rule of Civil Procedure 60(b), is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida, on this  9th  day of July, 2010.

*John E. Steele*
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record